```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION


ROY A SHELTON, KIMBERLY SHELTON, AND
COLEMAN BRITT SHELTON AND
JOSHUAH MASON SHELTON, BY AND
THROUGH THEIR MOTHER AND NEXT
FRIEND, KIMBERLY A. SHELTON                        PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:05CV781-WHB-JCS

SOUTHERN ENERGY HOMES, INC.,
ENERGY HOMES, A DIVISION OF
SOUTHERN ENERGY HOMES, INC.,
SIMONS HOUSING, INC., GREEN TREE
FINANCIAL SERVICES CORPORATION,
AMERICAN BANKERS INSURANCE COMPANY
OF FLORIDA, ASSURANT SOLUTIONS
AND JOHN DOES 1 THROUGH 10                         DEFENDANTS
```

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1) Plaintiffs' Amended Motion to Remand and for Abstention, or, in the Alternative, to Dismiss Federal Claim with Contingent Motion for Remand (hereinafter "Motion to Dismiss and for Remand");

2) Motion to Enforce Arbitration filed by Defendant Simons Housing, Inc.; and

3) Motion to Submit Affidavit of Jackie Simons filed by Defendant Simons Housing, Inc.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds:

1) Plaintiffs' Motion to Dismiss and for Remand should be granted in accordance with the holdings presented below;

2) the Motion to Enforce Arbitration should be denied, without prejudice; and

3) the Motion to Submit Affidavit of Jackie Simons should be granted.

## I.  Factual Background and Procedural History

This cause of action arises out of the sale of an allegedly defective mobile home.  Plaintiffs, who are all Mississippi residents, purchased the mobile home on December 22, 1998. Defendants are an assortment of Mississippi residents and nonresidents that played a role in either manufacturing the mobile home, selling it to Plaintiffs or financing the home.  At some time in year 2003, Plaintiffs allegedly began noticing numerous defects in the mobile home.  Because of some aspects of the alleged defects, toxic mold began forming in the home.  Plaintiffs contend that they are experiencing health problems as a result of the mold.

Aggrieved by their situation, Plaintiffs filed the subject suit in the Circuit Court of Copiah County, Mississippi on November 22, 2005.  The Complaint states nine claims under Mississippi state law and one federal law claim.  The Mississippi law claims are

generally categorized as breach of warranty, breach of contract, negligence, fraud and products liability.  The sole federal law claim is count two, which alleges a breach of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (hereinafter "the Act").  The Act requires "that a written warranty of a consumer product fully and conspicuously disclose, in plain language, the terms and conditions of the warranty...." Black's Law Dictionary 971 (8th ed. 2004).

Defendants removed the case to this Court on December 22, 2005.  Through the Notice of Removal, Defendants correctly argue that this Court may exercise federal question jurisdiction over the case because Plaintiffs asserted a federal law claim under the Act.  Plaintiffs filed the subject Motion to Dismiss and for Remand on January 17, 2006.  That Motion, as well as the Motion to Enforce Arbitration and the Motion to Submit Affidavit, are now ripe for consideration.

## II.  Analysis

**A.  Motion to Remand**

Defendants removed this case on the basis of federal question jurisdiction.  The Court finds that removal was proper because Plaintiff asserted a federal law claim under the Act.  This Court has original jurisdiction over that claim pursuant to the provisions of 28 U.S.C. § 1331.  Further, the Court has

jurisdiction over the state law claims under the removal provisions of 28 U.S.C. § 1441(c), which states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

However, for the reasons set forth below, remand of this case to state court is proper.

In the Motion to Dismiss and for Remand, Plaintiffs assert several arguments, only one of which has merit. The argument that the Court considers herewith is actually a proposition made by Plaintiffs in conjunction with a legal argument. Plaintiffs propose to dismiss their federal law claim if the case will be remanded to state court as a result of the dismissal. In response to that proposal, Defendants argue that post-removal events cannot deprive a federal court of jurisdiction. Defendants are correct that "jurisdiction is determined as of the time of removal and post-removal events will *generally* not deprive the court of jurisdiction." Bank One Texas Nat'l Ass'n v. Morrison, 26 F.3d 544, 547 (5th Cir. 1994)(emphasis added; citations omitted). However, as indicated by the emphasized language in the quote from Morrison, exceptions to this rule exist.

One such exception was articulated by the United States Supreme Court in Carnegie-Mellon University v. Cohill, 484 U.S.

4

343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In <u>Cohill</u>, the plaintiff asserted a number of state law claims, as well as one federal law claim on which the case was removed to federal court on federal question jurisdiction. The district court allowed plaintiff to amend the complaint to delete the federal law claim, then remanded the case to state court. The United States Court of Appeals for the Fifth Circuit denied defendant's application for writ of mandamus.

The Supreme Court granted certiorari in <u>Cohill</u> and found that remand of the case was proper. The Supreme Court analyzed the issue as follows:

> The fact that the federal removal statute, 28 U.S.C. §§ 1441-1451, explicitly authorizes remand in only two situations inapplicable to this case does not mean that Congress intended to preclude remands of removed cases involving pendent claims. Given that the statute's silence does not negate the courts' undoubted power to dismiss such cases, that silence cannot be read to negate the power to remand them. Indeed, § 1441(c), which gives district courts discretionary power either to adjudicate or to remand otherwise nonremovable "separate and independent" claims that have been joined with a removable claim, strongly suggests that had Congress decided to address the proper disposition of removed cases involving pendent claims, it would have authorized their remand. The statement in <u>Thermtron Products, Inc. v. Hermansdorfer</u>, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542, *that a case may not be remanded on a ground not specified in the removal statute applies only to situations in which the district court has no authority to decline to hear the removed case, and not to cases like the present in which the district court has undoubted discretion to decline to exercise jurisdiction [under § 1441(c)]*. The fact that, under the rule announced in this case, a plaintiff might attempt to manipulate the forum by deleting federal-law claims and requesting remand is a concern which should be considered

>by the district court in deciding whether to remand, but hardly justifies a categorical prohibition on the remand of all cases involving pendent state-law claims.

Id. at 343-44 (emphasis and bracketed text added).

The holding in Cohill was recognized by the Fifth Circuit in Buchner v. Federal Deposit Insurance Corporation, 981 F.2d 816, 819 (5th Cir. 1993). The Buchner court held:

>In Carnegie-Mellon University v. Cohill, the Court held that, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." Carnegie-Mellon involved a situation in which all of the federal law claims were dropped by the plaintiff after removal, leaving only pendant state law claims. The Court reasoned that a district court should have discretion to remand a case involving only pendent state law claims because it has discretion to hear such claims initially. Consequently, *the district court in such a situation should be able to exercise its discretion to decline jurisdiction through remand as well as through dismissal*.

Id. at 820 (emphasis added; footnotes omitted).

Under Cohill and Buchner, on proper motion from a plaintiff a district court clearly has the authority to dismiss federal law claims stated in a removed case, and remand the remaining state law claims to state court.[1]  This appears to be especially true when

---

[1] Under Rule 3.3(a)(3) of the Mississippi Rules of Professional Conduct, "[a] lawyer shall not knowingly ... fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client...."  The holdings in Cohill and Buchner clearly represent controlling authority which is adverse to the positions asserted by Defendants in response to the Motion to Dismiss and for Remand.  Giving Defendants the benefit of the doubt, the Court will assume that the failure to cite Cohill and Buchner in the subject briefs was an excusable oversight.

the number of state law claims greatly exceeds the number of claims based on federal law.

Based on the holdings in <u>Cohill</u> and <u>Buchner</u>, Plaintiffs' request to dismiss their sole federal law claim and remand the subject case to state court is well received by this Court. To protect against forum manipulation, a concern recognized by the <u>Cohill</u> Court, the federal law claim must be dismissed *<u>with prejudice</u>*. To allow Plaintiffs the potential to reassert that claim in a separate cause of action would clearly represent manipulation of forum for the state law causes of action.

**B.    Motion to Submit Affidavit of Jackie Simons
       and
       Motion to Enforce Arbitration**

Through the Motion to Submit Affidavit of Jackie Simons, Defendant Simons Housing, Inc. seeks to place evidence before the Court regarding the sale of the subject mobile home. The Court finds that the Motion is well taken and should be granted. Regarding the Motion to Enforce Arbitration, the Court finds that said Motion should be decided by the state court after remand. For purposes of removing the Motion to Enforce Arbitration from the docket of this Court, it will be denied, without prejudice.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiffs' Amended Motion to Remand and for Abstention, or, in the Alternative, to Dismiss

Federal Claim with Contingent Motion for Remand (docket entry no. 19) is hereby granted to the extent that count two of Plaintiffs' Complaint, i.e., their claim asserted under the Magnuson-Moss Warranty Act, is hereby dismissed with prejudice, and remand of this case is ordered.  The Clerk of the Court is ordered to remand this case to the Circuit Court of Copiah County, Mississippi.

IT IS FURTHER ORDERED that the Motion to Enforce Arbitration (docket entry no. 11) filed by Defendant Simons Housing, Inc. is hereby denied, without prejudice.  This Motion may be re-filed for consideration in state court after remand.

IT IS FURTHER ORDERED that the Motion to Submit Affidavit of Jackie Simons (docket entry no. 32) filed by Defendant Simons Housing, Inc. is hereby granted.

SO ORDERED this the 17th day of March, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

tct